**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **WILLIAM A. WHITE,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**D. SPROUL,**<br><br>**Respondent.** | `<br><br>**Case No. 19-CV-1217-SPM** |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner William A. White ("White") is incarcerated at the USP-Marion. On February 21, 2013, White was found guilty in the Northern District of Illinois, 08-CR-851, and was sentenced to 42 months, concurrent with sentence imposed in 08-CR-54, Western District of Virginia. White filed this habeas corpus action pursuant to 28 U.S.C. §2241 to challenge the constitutionality of his confinement – in particular his conviction and sentence for solicitation to commit crime of violence/influencing juror, as well as claims of actual innocence. (Doc. 1). White argues, pursuant to *United States v. Davis,* 139 S.Ct. 2319 (2019), that his offense of soliciting a violent felony no longer qualifies as a "violent felony" for purposes of 18 U.S.C. § 373, and as such, he is actually innocent and the conviction must be vacated. *Id.*

On May 6, 2020, Melissa Day, Federal Public Defender appointed in this matter on March 16, 2020 (Doc. 3), filed a Motion to Withdraw as Attorney. (Doc. 6). Within said Motion, Day alleged that her office was appointed to consider the applicability of the Supreme Court's finding that the residual clause of 18 U.S.C. §

924(c) was unconstitutional to White's assertions. *See Davis,* 139 S.Ct. 2319. However, because White was convicted of violating 18 U.S.C. § 373, solicitation to commit a crime of violence, not 18 U.S.C. § 924 (c), Day was granted leave to withdraw. (Doc. 8). White did not voluntarily dismiss this action; instead, he filed his Notice of Intent to Proceed. (Doc. 9).

Respondent moved to dismiss the Petition arguing that White is not entitled to relief under 28 U.S.C. § 2241. (Doc. 11). Respondent further claims that White erroneously relies on *Davis* and that this Court does not have subject matter jurisdiction. *Id.* White filed a Response, arguing that this Court has jurisdiction under 18 U.S.C. § 3231 and requesting that the Court apply *Davis* in a different way, to the elements clause, not the residual clause. (Doc. 13).

**Additional Facts and Procedural History**

White was found guilty by a jury of one count of solicitation to commit crime of violence/influencing juror in violation of 18 U.S.C. § 373, 1503. (Doc. 11-1). In February 2013, he was sentenced to 42 months in the Northern District of Illinois Case No. 08-cr-851 for soliciting the commission of a violent federal crime against a juror. *Id.* at p. 2. The sentence was ordered to be served concurrently with the sentence in 08-CR-54, Western District of Virginia. *Id.*

The charge was based upon a website, "Overthrow.com", created and maintained by White that purported to be affiliated with the "American National Socialist Workers Party" ("ANSWP"). (Doc. 11-2, p.1). The ANSWP was an organization that, according to the Overthrow.com website, claimed was comprised of a "convergence of former [white supremacy] 'movement' activists who grew

disgusted with the general garbage that 'the movement' has attracted and who formed the ANSWP under the Command of Bill White." (Doc. 11-2, pp. 1-2). Members of the ANSWP were described as "National Socialists … who fight for white working people." (Doc. 11-2, p. 2).

According to the Indictment, between September 11, 2008 and October 11, 2008, White engaged in felony conduct that has an element the use, attempted use, or threatened use of force against the person of Juror A[1], in violation of the laws of the United States, and under circumstances corroborative of that intent, solicited and otherwise endeavored to persuade another person to injure Juror A on account of a verdict assented to by Juror A, in violation of Title 18, United States Code Section 1503. *Id.* Specifically, as part of the solicitation, inducement and endeavor to persuade, on September 11, 2008 White caused to be displayed on the front page of "Overthrow.com", a posting entitled, "The Juror Who Convicted Matt Hale", which stated: "Gay anti-racist [Juror A] was a juror who played a key role in convicting Matt Hale. Born [date], [he/she] lives at [address] with [his/her] gay black lover and [his/her] cat [name]. [His/Her] phone number is [phone number], cell phone [phone number], and [his/her] office is [phone number].". *Id.* As further part of the solicitation, inducement, and endeavor to persuade, on September 12, 2008, White caused to be displayed on the frontpage of "Overthrow.com" a posting entitled, "[Juror A] Update – Since They Blocked the first photo". (Doc. 11-2, p. 3). This posting read:

[1] Juror A was foreperson of the jury that convicted Matthew Hale, the leader of a white supremacist organization known as the World Church of the Creator, with multiple counts of solicitation of the murder of United States District Judge Joan Humphrey Lefkow and obstruction of justice in the Northern District of Illinois.

"Gay anti-racist [Juror A] was a juror who played a key role in convicting Matt Hale. Born [date], [he/she] lives at [address] with [his/her] gay black lover and [his/her] cat [name]. [His/Her] phone number is [phone number], cell phone [phone number], and [his/her] office is [phone number]. Note that [University A] blocked much of [Juror A's] information after we linked to [his/her] photograph.". *Id.*

**Appeal and Resentencing**

White unsuccessfully appealed his conviction in a timely fashion. (Doc. 11). He has also filed numerous post-conviction motions attacking his conviction, as well as motions pursuant to Sections 2241 and 2255. *Id.*

**Applicable Law**

**1. Jurisdiction**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be employed to raise claims of legal error in conviction or sentencing; they may only challenge the execution of sentence. *See Valona v. United States,* 138 F.3d 693 (7th Cir 2003). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is ordinarily limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214 (7th Cir. 2003). He may not; however, file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or (2) "a new

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, a prisoner may also challenge his federal conviction or sentence under 28 U.S.C. § 2241. Section 2255(e) contains a "savings clause" (also referred to as the "safety-valve" clause, *see Reynolds v. United States,* Case No. 18-cv-691 (M.D. Pa., April 4, 2018)), which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte,* 300 F.3d 792 (7th Cir. 2002). The fact that a petitioner may be barred from bringing a successive §2255 petition is not, in and of itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605 (7th Cir. 1988)(§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).

Instead, under § 2241, a petitioner must demonstrate the inability of a § 2255 motion to cure the defect in the conviction because of a structural problem inherent in § 2255. *See Webster v. Daniels,* 784 F.3d 1123 (7th Cir. 2015). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport,* 147 F3d. at 611 (*emphasis added*).

Following *Davenport* and its progeny, the Seventh Circuit has developed a three-part test for determining whether § 2255 is inadequate or ineffective so as to trigger the savings clause:

(1) The federal prisoner must seek relief based upon a decision of statutory interpretation, as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion;

(2) The statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and,

(3) A failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice".

*See Worman v. Entzel,* 953 F.3d 1004 (7th Cir. 2020); *Montana v. Cross,* 829 F.3d 775 (7th Cir. 2016); *Beason v. Marske*, 926 F.3d 932 (7th Cir. 2019); *Chazen v. Marske,* 938 F.3d 851 (7th Cir. 2019); *Brown v. Caraway,* 719 F.3d 583 (7th Cir. 2013).

**2. Actual Innocence**

White claims that he actually innocent and the conviction must be vacated. (Doc.1). A credible claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 115 S. Ct. 851, 865 (1995). The *Schlup* standard permits habeas review of defaulted claims only in the "extraordinary case" where the petitioner has demonstrated that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell,* 126 S. Ct. 2064, 2077 (2006).

The third element/factor of the three prong *Davenport* analysis regarding "miscarriage of justice" is often equated to actual innocence. *See Sawyer v. Whitley*, 505 U.S. 333 (1992). Additionally, the "miscarriage of justice" exception is concerned with actual as compared to legal innocence. *Id.* at 339.

More recently, the Supreme Court held in *McQuiggin v. Perkins*, that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits, notwithstanding the existence of a procedural bar to relief." 133 S. Ct. 1924, 1931 (2013). In so holding, the Supreme Court reaffirmed the *Schlup* standard for a credible showing of actual innocence, cautioning that "tenable actual-innocence gateway pleas are rare" and describing the *Schlup* standard as "demanding" and "seldom met." *McQuiggin*, 133 S. Ct. at 1928.

**Analysis**

In the instant case, White's Petition fails to satisfy the first *Davenport* condition and his reliance on *Davis* is misplaced. White was neither convicted of a gun offense nor was he convicted under Section 924(c)(3)(A). (Doc. 11-1). White was charged and convicted of solicitation to commit a crime of violence under U.S.C. §§ 373 and 1503. Section 1503 states in pertinent part:

> "Whoever corruptly, or by threats of force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any grand or petit juror … on account of any verdict or indictment assented to by him … shall be punished as provided in subsection (b)." 18 U.S.C. § 1503.

*Davis* held that the residual clause in 18 U.S.C. §924(c)(3)(B) is unconstitutionally vague, violating "the twin constitutional pillars of due process and separation of powers. *Davis,* 139 S.Ct at 2325. Section 924(c)(1)(A) provides for

enhanced penalties for a person who uses or carries a firearm "during and in relation to", or who possesses a firearm "in furtherance of," and federal "crime of violence or drug trafficking crime." Section 924(c)(3) defines the term "crime of violence" as "an offense that is a felony" and:

> (A) Has an element the use, attempted use, or threatened use of physical force against the person or property of another, [the "force clause"];
>
> (B) That by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

18 U.S.C. §924 (c)(3). After *Davis,* only a crime of violence that fits the definition set out in the force clause of Section 924(c)(3)(A) will support an enhanced penalty.

In *Davis,* the Supreme Court concluded that the residual clause in 18 U.S.C. § 924 (c)(3)(B) was *unconstitutionally* vague. 139 S.Ct. 2324 (*emphasis added).* Therefore, *Davis* is a case of constitutional interpretation. As such, a claim based on *Davis* could be raised in a successive § 2255 motion if permission is timely sought and obtained.[2] His claim cannot be pursued in a §2241 Petition under the "savings clause". Because he fails to satisfy the first condition under *Davenport,* any review of the second and third factors is unnecessary.

Petitioner's assertion that jurisdiction is established in this case under 18 U.S.C. § 3231 is also erroneous and misguided. (Doc. 13). Section 3231 states in pertinent part,

> "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all

[2] The Court makes no comment on the potential merits of White's claims if he were to bring them in the context of a successive § 2255 motion.

> offenses against the laws of the United States." 18 U.S.C. § 3231.

Jurisdiction in the underlying criminal matter, *to wit: U.S.A. v. White,* Case No. 08-cr-851, Dkt. No. 5 (N.D. Ill. October 21, 2008), was appropriate under Section 3231 as it was a criminal matter and fell under the auspices of Criminal Procedure. This pending matter, *White v. Sproul,* Case No. 19-cv-1217, Dkt. No. 1 (S.D. Ill, Nov. 6, 2019) falls under the realm of habeas corpus cases and was filed as such. (Doc. 1)

Finally, White's claims that he is actually innocent of the solicitation of a violent felony are predicated upon the holding in *Davis,* and are not predicated upon newly discovered evidence and/or the factors set forth in *Schlup*. (Doc. 1). It is also irrelevant as he cannot overcome the first *Davenport* factor, so there is no need to examine the third any further.

**<u>Conclusion</u>**

For the foregoing reasons, William A. White's Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1), is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is directed to enter judgment accordingly.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien,* 216 F.3d 626 (7th Cir. 2000). If Petitioner wishes to appeal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B)(iii). A proper and timely-filed motion pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day

appeal deadline. A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* must identify the issues Petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915 (e)(2); *Ammons v. Gerlinger,* 547 F.3d 857 (7th Cir. 1999); *Sloan v. Lesza,* 181 F.3d 857 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: December 3, 2020**

**s/ Stephen P. McGlynn**
**STEPHEN P. McGLYNN**
**United States District Judge**